LDA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RONNIE R. JOHNSON, ROBERT HETU, GERARD D. LANGLAIS, DAVID SMERALDO, and SUSAN P. MOYNIHAM<br>Plaintiffs,<br><br>v.<br><br>FIRST NLC FINANCIAL SERVICES, LLC<br><br>Defendant. | CA 07 381 ML<br><br>C.A. No. |

**COMPLAINT**

**INTRODUCTION**

1. This action seeks redress against First NLC Financial Services, LLC (hereinafter "First NLC") for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.23.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 ( general jurisdiction),1332 ( diversity jurisdiction) and 1337 ( interstate commerce) and 1367 ( supplemental jurisdiction).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391( c).

**PLAINTIFFS**

**Facts pertaining to Plaintiff Ronnie R. Johnson**

4. Plaintiff Ronnie R. Johnson resides at 41 Warrington Ave., Providence, RI 0207.

5. On or about August 3, 2006 Plaintiff Johnson obtained two (2) loans from First NLC, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loans were used for personal, family or household purposes.

6. In connection with the transactions, Plaintiff Johnson received or signed the following documents:

1. Two notes in the principal amounts of $232,000 and $58,000 respectively;
2. Two mortgages;
3. Two Truth in Lending statements;
4. Notices of right to cancel, attached as Exhibits 1-2;
5. Two Certificates of Confirmation of Notice of Right to Rescind form; attached as Exhibits 3-4; and
6. Two HUD-1 Settlement Statements.

7. At the closing of the refinance transactions between First NLC and Plaintiff Johnson, the Plaintiff was presented with and required to sign a "Certificate of Confirmation of Notice of Right to Rescind", copies of which are attached as Exhibits 3-4.

8. On or about May 8, 2007 Plaintiff Johnson exercised his extended right to rescind both loans for violations of TILA. Notices of rescission were sent to First NLC. Copies of the notices are attached as Exhibits 5-6.

**Facts pertaining to Plaintiff Robert Hetu**

9. Plaintiff Robert Hetu resides at 98 Parker St., Woonsocket, RI 02895.

10. On or about December 18, 2006 Plaintiff Hetu obtained two (2) loans from First NLC, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loans were used for personal, family or household purposes.

11. In connection with the two transactions, Plaintiff Hetu received or signed the following documents:

1. Two notes in the principal amounts of $240,000 and $60,000 respectively;
2. Two mortgages;
3. Two Truth in Lending statements;
4. Notices of right to cancel, attached as Exhibits 7-8;
5. Certificates of Confirmation of Notice of Right to Rescind form; attached as Exhibits 9-10; and
6. Two HUD-1 Settlement Statements.

12. At the closing of each of the refinance transactions between First NLC and Plaintiff Hetu, the Plaintiff was presented with and required to sign a "Certificate of Confirmation of Notice of Right to Rescind", copies of which are attached as Exhibits 9-10.

13. On or about May 8, 2007 Plaintiff Hetu exercised his extended right to rescind both of the loans for violations of TILA. Notices of rescission were sent to First NLC. Copies of the notices are attached as Exhibits 11-12.

**Facts pertaining to Plaintiff Gerald D. Langlais**

14. Plaintiff Gerald D. Langlais resides at 332 Tiffany Ave., Warwick, RI 02889.

15. On or about February 23, 2005 Plaintiff Langlais obtained a loan from First NLC, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

16. In connection with the transaction, Plaintiff Langlais received or signed the following documents:

1. A note in the principal amount of $180,000;
2. A mortgage;

3. A Truth in Lending statement;
4. A notice of right to cancel, attached as Exhibit 13;
5. A Certificate of Confirmation of Notice of Right to Rescind form; attached as Exhibit 14; and
6. A HUD-1 Settlement Statement.

17. At the closing of the refinance transaction between First NLC and Plaintiff Langlais, the Plaintiff was presented with and required to sign a "Certificate of Confirmation of Notice of Right to Rescind", a copy of which is attached as Exhibit 14.

18. On or about May 3, 2007 Plaintiff Langlais exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to First NLC. A Copy of the notice is attached as Exhibit 15.

**Facts pertaining to Plaintiff Susan P. Moynihan**

19. Plaintiff Susan P. Moynihan reside at 3-C Quartz Drive, Westerly, RI 0289.

20. On or about September 15, 2006 Plaintiff Moynihan obtained a loan from First NLC, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

21. In connection with the transaction, Plaintiff Moynihan received or signed the following documents:

1. A note in the principal amount of $185,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notice of right to cancel, attached as Exhibit 16;
5. A Certificate of Confirmation of Notice of Right to Rescind form; attached as Exhibit 17; and
6. A HUD-1 Settlement Statement.

22. At the closing of the refinance transaction between First NLC and Plaintiff

Moynihan , the Plaintiff was presented with and required to sign a "Certificate of Confirmation of Notice of Right to Rescind", a copy of which is attached as Exhibit 17.

23. On or about May 25, 2007 Plaintiff Moynihan exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to First NLC. A Copy of the notice is attached as Exhibit 18.

**Facts pertaining to Plaintiff David Smeraldo**

24. Plaintiff David Smeraldo resides at 134 Greeley Ave., Warwick, RI 02886.

25. On or about October 13, 2006 Plaintiff Smeraldo obtained a loan from First NLC, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

26. In connection with the transaction, Plaintiff Smeraldo received or signed the following documents:

1. A note in the principal amount of $261,250;
2. A mortgage;
3. A Truth in Lending statement;
4. A notice of right to cancel, attached as Exhibit 19;
5. A Certificate of Confirmation of Notice of Right to Rescind form; attached as Exhibit 20; and
6. A HUD-1 Settlement Statement.

27. At the closing of the refinance transaction between First NLC and Plaintiff Smeraldo, the Plaintiff was presented with and required to sign a "Certificate of Confirmation of Notice of Right to Rescind", a copy of which is attached as Exhibit 20.

28. On or about September 20, 2007 Plaintiff Smeraldo exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to First NLC. A Copy of the notice is attached as Exhibit 21.

## DEFENDANT

29. First NLC Financial Services, LLC is a corporation with its principal offices in Boca Raton, Florida, and six regional operations centers and field offices across the country originating loans in 41 states.

30. First NLC does business in Rhode Island.

31. First NLC entered into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and was used for purposes other than the initial acquisition or construction of the residence.

32. First NLC was therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

## COUNT I - TRUTH IN LENDING ACT

33. Plaintiffs incorporate ¶¶ 1-32 as if fully set out herein.

34. Because all of the transactions referenced herein were secured by Plaintiffs' home, and were not entered into for purposes of the initial acquisition or construction of that home, their were subject to the right to cancel provided by 15 U.S.C. §1635 and Regulation Z, 12 C.F.R. §226.23. Specifically, 15 U.S.C. §1635 provides:

**(a) Consumer's right to rescind.**

> **(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**
>
> **(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed**

**for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**

**(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]**

**(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.**

**(b) <u>Notice of right to rescind.</u> In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**

**(1) The retention or acquisition of a security interest in the consumer's principal dwelling.**
**(2) The consumer's right to rescind the transaction.**
**(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**
**(4) The effects of rescission, as described in paragraph (d) of this section.**
**(5) The date the rescission period expires. . . .**

**(f) Exempt transactions. The right to rescind does not apply to the following:**

**(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].**
**(2) A credit plan in which a state agency is a creditor.**

**<u>DEFECTIVE NATURE OF DISCLOSURES</u>**

**Right to Cancel As to All Plaintiffs**

35. The notice of right to cancel was negated and contradicted by the simultaneous issuance and execution of a "*Certificate of Confirmation of Notice Of Right to Rescind*". See attached Exhibits.

36. By asking the Plaintiffs, at the time of the closing of the loan, to sign a post dated *Certificate of Confirmation of Notice Of Right to Rescind*, which stated that three business days have elapsed since receipt of the notice of right to rescind and that the Plaintiffs were not exercising said right, Defendant First NLC provided the Plaintiffs materially misleading and confusing Notices of Right to Rescind the credit transaction in violation of 15 U.S.C. §1635, Regulation Z, 12 C.F.R. § 226.23.

37. Accordingly, the Plaintiffs are entitled to rescind their loans.

**Inaccurate Truth in Lending Disclosure As To Plaintiff Moynihan**

38. The copy of the Truth in Lending disclosure actually delivered to Plaintiff Moynihan was materially defective in that it contained miscalculations which gives rise to an extended right to rescind under 15 U.S.C. §1635, Regulation Z, 12 C.F.R. § 226.17 . See attached Exhibit 22.

39. Accordingly, Plaintiff Moynihan is entitled to exercise her extended right to rescind her loan under the TILA.

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant First NLC as follows:

1. A declaration that Plaintiffs are entitled to rescind their mortgage;
2. Rescission of the loan;
3. Statutory damages;
4. Attorney's fees, litigation expenses and costs;
5. Such other relief as the Court deems appropriate.

Respectfully submitted,

Christopher M. Lefebvre, BBO# 4019
Claude Lefebvre, Christopher Lefebvre P.C.
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)

**JURY DEMAND**

Plaintiffs demand trial by jury.

Christopher M. Lefebvre