IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RONNIE R. JOHNSON, ROBERT HETU, GERARD D. LANGLAIS, DAVID SMERALDO, and SUSAN P. MOYNIHAN<br>Plaintiffs, | ) | |
| v. | ) | C.A. 07-381-ML |
| FIRST NLC FINANCIAL SERVICES, LLC<br>Defendant. | ) | |

## AMENDED COMPLAINT

## INTRODUCTION

1. This action seeks redress against First NLC Financial Services, LLC (hereinafter "First NLC") for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.23.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 ( general jurisdiction),1332 ( diversity jurisdiction) and 1337 ( interstate commerce) and 1367 ( supplemental jurisdiction).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391( c).

## PLAINTIFFS

### Facts pertaining to Plaintiff Ronnie R. Johnson

4. Plaintiff Ronnie R. Johnson resides at 41 Warrington Ave., Providence, RI 0207.

5. On or about August 3, 2006 Plaintiff Johnson obtained two (2) loans from First NLC, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loans were used for personal, family or household purposes.

6. In connection with the transactions, Plaintiff Johnson received or signed the following documents:

1. Two notes in the principal amounts of $232,000 and $58,000 respectively;
2. Two mortgages;
3. Two Truth in Lending statements;
4. Notices of right to cancel, attached as Exhibits 1-2;
5. Two Certificates of Confirmation of Notice of Right to Rescind form; attached as Exhibits 3-4; and
6. Two HUD-1 Settlement Statements.

7. At the closing of the refinance transactions between First NLC and Plaintiff Johnson, the Plaintiff was presented with and required to sign a "Certificate of Confirmation of Notice of Right to Rescind", copies of which are attached as Exhibits 3-4.

8. On or about May 8, 2007 Plaintiff Johnson exercised his extended right to rescind both loans for violations of TILA. Notices of rescission were sent to First NLC. Copies of the notices are attached as Exhibits 5-6.

**Facts pertaining to Plaintiff Robert Hetu**

9. Plaintiff Robert Hetu resides at 98 Parker St., Woonsocket, RI 02895.

10. On or about December 18, 2006 Plaintiff Hetu obtained two (2) loans from First NLC, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loans were used for personal, family or household purposes.

11. In connection with the two transactions, Plaintiff Hetu received or signed the following documents:

1. Two notes in the principal amounts of $240,000 and $60,000 respectively;
2. Two mortgages;
3. Two Truth in Lending statements;
4. Notices of right to cancel, attached as Exhibits 7-8;
5. Certificates of Confirmation of Notice of Right to Rescind form; attached as Exhibits 9-10; and
6. Two HUD-1 Settlement Statements.

12. At the closing of each of the refinance transactions between First NLC and Plaintiff Hetu, the Plaintiff was presented with and required to sign a "Certificate of Confirmation of Notice of Right to Rescind", copies of which are attached as Exhibits 9-10.

13. On or about May 8, 2007 Plaintiff Hetu exercised his extended right to rescind both of the loans for violations of TILA. Notices of rescission were sent to First NLC. Copies of the notices are attached as Exhibits 11-12.

**Facts pertaining to Plaintiff Gerald D. Langlais**

14. Plaintiff Gerald D. Langlais resides at 332 Tiffany Ave., Warwick, RI 02889.

15. On or about February 23, 2005 Plaintiff Langlais obtained a loan from First NLC, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

16. In connection with the transaction, Plaintiff Langlais received or signed the following documents:

1. A note in the principal amount of $180,000;
2. A mortgage;

3. A Truth in Lending statement;
4. A notice of right to cancel, attached as Exhibit 13;
5. A Certificate of Confirmation of Notice of Right to Rescind form; attached as Exhibit 14; and
6. A HUD-1 Settlement Statement.

17. At the closing of the refinance transaction between First NLC and Plaintiff Langlais, the Plaintiff was presented with and required to sign a "Certificate of Confirmation of Notice of Right to Rescind", a copy of which is attached as Exhibit 14.

18. On or about May 3, 2007 Plaintiff Langlais exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to First NLC. A Copy of the notice is attached as Exhibit 15.

**Facts pertaining to Plaintiff Susan P. Moynihan**

19. Plaintiff Susan P. Moynihan reside at 3-C Quartz Drive, Westerly, RI 0289.

20. On or about September 15, 2006 Plaintiff Moynihan obtained a loan from First NLC, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

21. In connection with the transaction, Plaintiff Moynihan received or signed the following documents:

1. A note in the principal amount of $185,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notice of right to cancel, attached as Exhibit 16;
5. A Certificate of Confirmation of Notice of Right to Rescind form; attached as Exhibit 17; and
6. A HUD-1 Settlement Statement.

22. At the closing of the refinance transaction between First NLC and Plaintiff

Moynihan , the Plaintiff was presented with and required to sign a "Certificate of Confirmation of Notice of Right to Rescind", a copy of which is attached as Exhibit 17.

23. On or about May 25, 2007 Plaintiff Moynihan exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to First NLC. A Copy of the notice is attached as Exhibit 18.

**Facts pertaining to Plaintiff David Smeraldo**

24. Plaintiff David Smeraldo resides at 134 Greeley Ave., Warwick, RI 02886.

25. On or about October 13, 2006 Plaintiff Smeraldo obtained a loan from First NLC, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

26. In connection with the transaction, Plaintiff Smeraldo received or signed the following documents:

1. A note in the principal amount of $261,250;
2. A mortgage;
3. A Truth in Lending statement;
4. A notice of right to cancel, attached as Exhibit 19;
5. A Certificate of Confirmation of Notice of Right to Rescind form; attached as Exhibit 20; and
6. A HUD-1 Settlement Statement.

27. At the closing of the refinance transaction between First NLC and Plaintiff Smeraldo, the Plaintiff was presented with and required to sign a "Certificate of Confirmation of Notice of Right to Rescind", a copy of which is attached as Exhibit 20.

28. On or about September 20, 2007 Plaintiff Smeraldo exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to First NLC. A Copy of

the notice is attached as Exhibit 21.

## DEFENDANT

29. First NLC Financial Services, LLC is a corporation with its principal offices in Boca Raton, Florida, and six regional operations centers and field offices across the country originating loans in 41 states.

30. First NLC does business in Rhode Island.

31. First NLC entered into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and was used for purposes other than the initial acquisition or construction of the residence.

32. First NLC was therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

## COUNT I - TRUTH IN LENDING ACT

33. Plaintiffs incorporate ¶¶ 1-32 as if fully set out herein.

34. Because all of the transactions referenced herein were secured by Plaintiffs' home, and were not entered into for purposes of the initial acquisition or construction of that home, their were subject to the right to cancel provided by 15 U.S.C. §1635 and Regulation Z, 12 C.F.R. §226.23. Specifically, 15 U.S.C. §1635 provides:

**(a) Consumer's right to rescind.**

> **(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for**

transactions described in paragraph (f) of this section.[fn]47

(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]

(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b) Notice of right to rescind. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1) The retention or acquisition of a security interest in the consumer's principal dwelling.
(2) The consumer's right to rescind the transaction.
(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
(4) The effects of rescission, as described in paragraph (d) of this section.
(5) The date the rescission period expires. . . .

(f) Exempt transactions. The right to rescind does not apply to the following:

(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
(2) A credit plan in which a state agency is a creditor.

## DEFECTIVE NATURE OF DISCLOSURES

### Right to Cancel As to All Plaintiffs

35. The notice of right to cancel was negated and contradicted by the simultaneous issuance and execution of a "*Certificate of Confirmation of Notice Of Right to Rescind*". See attached Exhibits.

36. By asking the Plaintiffs, at the time of the closing of the loan, to sign a post dated *Certificate of Confirmation of Notice Of Right to Rescind*, which stated that three business days have elapsed since receipt of the notice of right to rescind and that the Plaintiffs were not exercising said right, Defendant First NLC provided the Plaintiffs materially misleading and confusing Notices of Right to Rescind the credit transaction in violation of 15 U.S.C. §1635, Regulation Z, 12 C.F.R. § 226.23.

37. Accordingly, the Plaintiffs are entitled to rescind their loans.

### Inaccurate Truth in Lending Disclosure As To Robert C. Hetu

38. The copy of the Notice of Right to Cancel the transaction, as referenced in Exhibit 8 herein, actually delivered to Plaintiff involving one of his transactions was materially defective in that it failed to contain the deadline to rescind the transaction in violation of Regulation Z which gives rise to an extended right to rescind under 15 U.S.C. §1635, Regulation Z, 12 C.F.R. § 226.17 . Accordingly, Plaintiff Hetu is entitled to exercise his extended right to rescind the loan under the TILA.

**WHEREFORE**, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant First NLC as follows:

1. A declaration that Plaintiffs are entitled to rescind their mortgage;

2. Rescission of the loan;
3. Statutory damages;
4. Attorney's fees, litigation expenses and costs;
5. Such other relief as the Court deems appropriate.

Respectfully submitted,

/s/Christopher M. Lefebvre, Bar # 4019
Claude Lefebvre, Christopher Lefebvre P.C.
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)

**JURY DEMAND**

Plaintiffs demand trial by jury.

/s/Christopher M. Lefebvre

# EXHIBIT 1

# NOTICE OF RIGHT TO RESCIND

Loan No. 3085602230

To: RONNIE R JOHNSON CECELIA JOHNSON

Address: 41 WARRINGTON AVENUE, PROVIDENCE, RI 02907 PROVIDENCE

**YOUR RIGHT TO CANCEL:**
You are entering into a transaction that will result in a security interest in your home. You have a legal right under federal law to CANCEL this transaction, without cost, within three business days from whichever of the following events occur last:

(1) The DATE of the TRANSACTION, which is August 3, 2006 OR
(2) The DATE you received your TRUTH-IN-LENDING DISCLOSURES; OR
(3) The DATE you received this notice of RIGHT TO RESCIND.

If you cancel this transaction, the security interest is also cancelled. Within twenty (20) calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the security interest in your home has been cancelled, and we must return to you any money or property you have given us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the items mentioned above, but you must then offer to return the money or property. If it is impractical or unfair to you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

**HOW TO CANCEL:**
If you decide to cancel this transaction, you may do so by notifying us in writing at:

FIRST NLC FINANCIAL SERVICES, LLC
700 W. Hillsboro Blvd. Bldg. 1, Ste. 204
Deerfield Beach, FL 33441
ATTN: Legal Dept.

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of August 7, 2006 (or midnight of the third business day following the latest of the events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

**I WISH TO CANCEL**

RONNIE R JOHNSON CECELIA JOHNSON

DATE: DATE:

DO NOT SIGN ABOVE, UNLESS YOU WISH TO RESCIND/CANCEL/VOID THIS TRANSACTION.

## TO BE SIGNED BELOW AT CLOSING

I HEREWITH ACKNOWLEDGE RECEIPT OF TWO COPIES OF THIS NOTICE: August 3, 2006

X Ronnie R Johnson

RONNIE R JOHNSON

30000L2

# EXHIBIT 2

# NOTICE OF RIGHT TO RESCIND

Loan No. 3085602180

To: RONNIE R JOHNSON CECELIA JOHNSON

Address: 41 WARRINGTON AVENUE, PROVIDENCE, RI 02907 PROVIDENCE

**YOUR RIGHT TO CANCEL:**
You are entering into a transaction that will result in a security interest in your home. You have a legal right under federal law to CANCEL this transaction, without cost, within three business days from whichever of the following events occur last:

(1) The DATE of the TRANSACTION, which is August 3, 2006 OR
(2) The DATE you received your TRUTH-IN-LENDING DISCLOSURES; OR
(3) The DATE you received this notice of RIGHT TO RESCIND.

If you cancel this transaction, the security interest is also cancelled. Within twenty (20) calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the security interest in your home has been cancelled, and we must return to you any money or property you have given us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the items mentioned above, but you must then offer to return the money or property. If it is impractical or unfair to you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

**HOW TO CANCEL:**
If you decide to cancel this transaction, you may do so by notifying us in writing at:

**FIRST NLC FINANCIAL SERVICES, LLC**
**700 W. Hillsboro Blvd. Bldg. 1, Ste. 204**
**Deerfield Beach, FL 33441**
**ATTN: Legal Dept.**

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of August 7, 2006 (or midnight of the third business day following the latest of the events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

I WISH TO CANCEL

RONNIE R JOHNSON CECELIA JOHNSON

DATE: DATE:

DO NOT SIGN ABOVE, UNLESS YOU WISH TO RESCIND/CANCEL/VOID THIS TRANSACTION.

## TO BE SIGNED BELOW AT CLOSING

I HEREWITH ACKNOWLEDGE RECEIPT OF TWO COPIES OF THIS NOTICE: August 3, 2006

X Ronnie R Johnson

RONNIE R JOHNSON

30300L2

# EXHIBIT 3

# CERTIFICATE OF CONFIRMATION OF NOTICE OF RIGHT TO RESCIND

Borrower(s): RONNIE R JOHNSON, CECELIA JOHNSON

Loan #: 3085602180

Property Address: 41 WARRINGTON AVENUE
PROVIDENCE, RI 02907

Whereas more than three (3) business days have elapsed since the undersigned received my/our Notice of Right to Rescind and the Truth-in-Lending Disclosure Statement concerning the transaction identified above; in order to induce **FIRST NLC FINANCIAL SERVICES, LLC** to proceed with full performance under the agreement in question, the undersigned do herewith warrant, covenant and certify that I/we, jointly and separately, have not exercised my/our Right to Rescind; that I/we do hereby ratify and confirm the same in all respects. I/we further represent that the undersigned is/are the only person(s) entitled to rescind, in that I/we am/are all of the persons who have an ownership interest in the real property or I/we am/are all of the person(s) who will be subject to the security interest in the real property.

I/We further acknowledge that I/we am/are signing this certificate on or after: **8/8/2006.**

______________________________
RONNIE R JOHNSON

______________________________
CECELIA JOHNSON

______________________________

______________________________

# EXHIBIT 4

# CERTIFICATE OF CONFIRMATION OF NOTICE OF RIGHT TO RESCIND

Borrower(s): RONNIE R JOHNSON, CECELIA JOHNSON    Loan #: 3085602230

Property Address: 41 WARRINGTON AVENUE
PROVIDENCE, RI 02907

Whereas more than three (3) business days have elapsed since the undersigned received my/our Notice of Right to Rescind and the Truth-in-Lending Disclosure Statement concerning the transaction identified above; in order to induce **FIRST NLC FINANCIAL SERVICES, LLC** to proceed with full performance under the agreement in question, the undersigned do herewith warrant, covenant and certify that I/we, jointly and separately, have not exercised my/our Right to Rescind; that I/we do hereby ratify and confirm the same in all respects. I/we further represent that the undersigned is/are the only person(s) entitled to rescind, in that I/we am/are all of the persons who have an ownership interest in the real property or I/we am/are all of the person(s) who will be subject to the security interest in the real property.

I/We further acknowledge that I/we am/are signing this certificate on or after: **8/8/2006.**

______________________________
RONNIE R JOHNSON

______________________________
CECELIA JOHNSON

______________________________

______________________________

# EXHIBIT 5

FAMILY AND CONSUMER LAW CENTER

*WWW.RICONSUMERLAW.COM*

CLAUDE F. LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.

*ATTORNEYS & COUNSELORS AT LAW*

May 8, 2007

First NLC Financial Services, LLC
Attn: Legal Department
700 W. Hillsboro Blvd.
Bldg. 1, Suite 204
Deerfield, FL 33441

**Re: Notice of Rescission by Ronnie R. Johnson of 41 Warrington Ave., Providence, RI 02907; Loan Number: 3085602230; Closing Date: 08/03/2006**

To Whom It May Concern:

I represent Ronnie R. Johnson concerning the mortgage loan transaction he entered into with First NLC Financial Services, LLC on August 3, 2006. Please be advised that I have been authorized by my client to rescind that transaction and hereby exercise that right pursuant to the Federal Truth In Lending Act, 15 U.S.C. Section 1635 and Regulation Z, Section 226.23.

The primary basis for the rescission is that Mr. Johnson was given materially confusing and inconsistent disclosures pertaining to the notice of right to cancel the above consumer credit contract, in violation of 15 U.S.C. Section 1635 and Regulation Z, Sections 226.23.

The security interest held by First NLC Financial Services LLC on the Johnson's property located at 41 Warrington Ave., Providence, RI is void as of this rescission. Pursuant to Regulation Z, you have twenty days after receipt of this Notice of Rescission to return to my client all monies paid and to take action necessary and appropriate to terminate the security interest.

**Very truly yours,**
**Ronnie R. Johnson,**
**By his Attorney**

**Christopher M. Lefebvre**
**P. O. Box 479**
**Pawtucket, RI 02862**

CERTIFIED MAIL-RETURN RECEIPT REQUESTED
cc: Ronnie R. Johnson

# EXHIBIT 6

FAMILY AND CONSUMER LAW CENTER

WWW.RICONSUMERLAW.COM

CLAUDE F. LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.

ATTORNEYS & COUNSELORS AT LAW

May 8, 2007

First NLC Financial Services, LLC
Attn: Legal Department
700 W. Hillsboro Blvd.
Bldg. 1, Suite 204
Deerfield, FL 33441

**Re: Notice of Rescission by Ronnie R. Johnson of 41 Warrington Ave., Providence, RI 02907; Loan Number: 3085602180; Closing Date: 08/03/2006**

To Whom It May Concern:

I represent Ronnie R. Johnson concerning the mortgage loan transaction he entered into with First NLC Financial Services, LLC on August 3, 2006. Please be advised that I have been authorized by my client to rescind that transaction and hereby exercise that right pursuant to the Federal Truth In Lending Act, 15 U.S.C. Section 1635 and Regulation Z, Section 226.23.

The primary basis for the rescission is that Mr. Johnson was given materially confusing and inconsistent disclosures pertaining to the notice of right to cancel the above consumer credit contract, in violation of 15 U.S.C. Section 1635 and Regulation Z, Sections 226.23.

The security interest held by First NLC Financial Services LLC on the Johnson's property located at 41 Warrington Ave., Providence, RI is void as of this rescission. Pursuant to Regulation Z, you have twenty days after receipt of this Notice of Rescission to return to my client all monies paid and to take action necessary and appropriate to terminate the security interest.

**Very truly yours,**
**Ronnie R. Johnson,**
By his Attorney

**Christopher M. Lefebvre**
**P. O. Box 479**
**Pawtucket, RI 02862**

CERTIFIED MAIL-RETURN RECEIPT REQUESTED
cc: Ronnie R. Johnson

# EXHIBIT 7

# NOTICE OF RIGHT TO RESCIND

**Loan No.** 3085603547

**To:** ROBERT C HETU CAROL HETU

**Address:** 98 PARKER STREET, WOONSOCKET, RI 02895 PROVIDENCE

**YOUR RIGHT TO CANCEL:**
You are entering into a transaction that will result in a security interest in your home. You have a legal right under federal law to CANCEL this transaction, without cost, within three business days from whichever of the following events occur last:

(1) The DATE of the TRANSACTION, which is 12/18/2006 OR
(2) The DATE you received your TRUTH-IN-LENDING DISCLOSURES; OR
(3) The DATE you received this notice of RIGHT TO RESCIND.

If you cancel this transaction, the security interest is also cancelled. Within twenty (20) calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the security interest in your home has been cancelled, and we must return to you any money or property you have given us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the items mentioned above, but you must then offer to return the money or property. If it is impractical or unfair to you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

**HOW TO CANCEL:**
If you decide to cancel this transaction, you may do so by notifying us in writing at:

**FIRST NLC FINANCIAL SERVICES, LLC**
**700 W. Hillsboro Blvd. Bldg. 1, Ste. 204**
**Deerfield Beach, FL 33441**
**ATTN: Legal Dept.**

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of 12/21/2006 (or midnight of the third business day following the latest of the events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

**I WISH TO CANCEL**

ROBERT C HETU CAROL HETU

DATE: ____________ DATE: ____________

DO NOT SIGN ABOVE, UNLESS YOU WISH TO RESCIND/CANCEL/VOID THIS TRANSACTION.

## TO BE SIGNED BELOW AT CLOSING

I HEREWITH ACKNOWLEDGE RECEIPT OF TWO COPIES OF THIS NOTICE: ____________

X____________
ROBERT C HETU

# EXHIBIT 8

# NOTICE OF RIGHT TO RESCIND

Loan No. 3085603486

To: ROBERT C HETU CAROL HETU

Address: 98 PARKER STREET, WOONSOCKET, RI 02895 PROVIDENCE

**YOUR RIGHT TO CANCEL:**
You are entering into a transaction that will result in a security interest in your home. You have a legal right under federal law to CANCEL this transaction, without cost, within three business days from whichever of the following events occur last:

(1) The DATE of the TRANSACTION, which is ______________________ OR
(2) The DATE you received your TRUTH-IN-LENDING DISCLOSURES; OR
(3) The DATE you received this notice of RIGHT TO RESCIND.

If you cancel this transaction, the security interest is also cancelled. Within twenty (20) calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the security interest in your home has been cancelled, and we must return to you any money or property you have given us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the items mentioned above, but you must then offer to return the money or property. If it is impractical or unfair to you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

**HOW TO CANCEL:**
If you decide to cancel this transaction, you may do so by notifying us in writing at:

**FIRST NLC FINANCIAL SERVICES, LLC**
**700 W. Hillsboro Blvd. Bldg. 1, Ste. 204**
**Deerfield Beach, FL 33441**
**ATTN: Legal Dept.**

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of ____________________ (or midnight of the third business day following the latest of the events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

## I WISH TO CANCEL

______________________________ ______________________________
ROBERT C HETU CAROL HETU

______________________________ ______________________________

______________________________ ______________________________

DATE: ____________________ DATE: ____________________

DO NOT SIGN ABOVE, UNLESS YOU WISH TO RESCIND/CANCEL/VOID THIS TRANSACTION.

## TO BE SIGNED BELOW AT CLOSING

I HEREWITH ACKNOWLEDGE RECEIPT OF TWO COPIES OF THIS NOTICE: ____________________

X______________________________
CAROL HETU

30001L1

# EXHIBIT 9

# CERTIFICATE OF CONFIRMATION OF NOTICE OF RIGHT TO RESCIND

Borrower(s): ROBERT C HETU, CAROL HETU Loan #: 3085603486

Property Address: 98 PARKER STREET
WOONSOCKET, RI 02895

Whereas more than three (3) business days have elapsed since the undersigned received my/our Notice of Right to Rescind and the Truth-in-Lending Disclosure Statement concerning the transaction identified above; in order to induce **FIRST NLC FINANCIAL SERVICES, LLC** to proceed with full performance under the agreement in question, the undersigned do herewith warrant, covenant and certify that I/we, jointly and separately, have not exercised my/our Right to Rescind; that I/we do hereby ratify and confirm the same in all respects. I/we further represent that the undersigned is/are the only person(s) entitled to rescind, in that I/we am/are all of the persons who have an ownership interest in the real property or I/we am/are all of the person(s) who will be subject to the security interest in the real property.

I/We further acknowledge that I/we am/are signing this certificate on or after: ____________________

____________________
ROBERT C HETU

____________________
CAROL HETU

____________________

____________________

# EXHIBIT 10

# CERTIFICATE OF CONFIRMATION OF NOTICE OF RIGHT TO RESCIND

Borrower(s): ROBERT C HETU, CAROL HETU Loan #: 3085603547

Property Address: 98 PARKER STREET
WOONSOCKET, RI 02895

Whereas more than three (3) business days have elapsed since the undersigned received my/our Notice of Right to Rescind and the Truth-in-Lending Disclosure Statement concerning the transaction identified above; in order to induce **FIRST NLC FINANCIAL SERVICES, LLC** to proceed with full performance under the agreement in question, the undersigned do herewith warrant, covenant and certify that I/we, jointly and separately, have not exercised my/our Right to Rescind; that I/we do hereby ratify and confirm the same in all respects. I/we further represent that the undersigned is/are the only person(s) entitled to rescind, in that I/we am/are all of the persons who have an ownership interest in the real property or I/we am/are all of the person(s) who will be subject to the security interest in the real property.

I/We further acknowledge that I/we am/are signing this certificate on or after: ____________________

____________________________________
ROBERT C HETU

____________________________________
CAROL HETU

____________________________________

____________________________________

# EXHIBIT 11

FROM THE OFFICE OF THE
FAMILY AND CONSUMER LAW CENTER
[illegible]
CLAUDE F. LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.
[illegible] EYS & COUNSELORS AT LAW

May 8, 2007

First NLC Financial Services, LLC
Attn: Legal Department
700 W. Hillsboro Blvd.
Bldg. 1, Suite 204
Deerfield, FL 33441

**Re: Notice of Rescission by Robert Hetu of 98 Parker Street, Woonsocket, RI 02895; Loan Number: 3085603486; Closing Date: 12/18/2006**

To Whom It May Concern:

I represent Robert Hetu concerning the mortgage loan transaction he entered into with First NLC Financial Services, LLC on December 18, 2006. Please be advised that I have been authorized by my client to rescind that transaction and hereby exercise that right pursuant to the Federal Truth In Lending Act, 15 U.S.C. Section 1635 and Regulation Z, Section 226.23.

The primary basis for the rescission is that Mr. Hetu was given incomplete and, materially confusing and inconsistent disclosures pertaining to the notice of right to cancel the above consumer credit contract, in violation of 15 U.S.C. Section 1635(a) and Regulation Z, Sections 226.23.

The security interest held by First NLC Financial Services LLC on the Hetu's property located at 98 Parker Street, Woonsocket, RI is void as of this rescission. Pursuant to Regulation Z, you have twenty days after receipt of this Notice of Rescission to return to my client all monies paid and to take action necessary and appropriate to terminate the security interest.

Very truly yours,
Robert Hetu,
By his Attorney,

Christopher M. Lefebvre
P. O. Box 479
Pawtucket, RI 02862

**CERTIFIED MAIL-RETURN RECEIPT REQUESTED**
cc: Robert Hetu

TWO DEXTER STREET, P.O. BOX 479 PAWTUCKET, RI 02862 PHONE: (401) 728-6060 FAX: ([illegible]) 728-6534

# EXHIBIT 12

*FROM THE OFFICE OF THE*
FAMILY AND CONSUMER LAW CENTER
*WWW.RICONSUMERLAW.COM*
CLAUDE F. LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.
*ATTORNEYS & COUNSELORS AT LAW*

May 8, 2007

First NLC Financial Services, LLC
Attn: Legal Department
700 W. Hillsboro Blvd.
Bldg. 1, Suite 204
Deerfield, FL 33441

**Re: Notice of Rescission by Robert Hetu of 98 Parker Street, Woonsocket, RI 028?5; Loan Number: 3085603547; Closing Date: 12/18/2006**

To Whom It May Concern:

I represent Robert Hetu concerning the mortgage loan transaction he entered into with First NLC Financial Services, LLC on December 18, 2006. Please be advised that I have been authorized by my client to rescind that transaction and hereby exercise that right pursuant to the Federal Truth In Lending Act, 15 U.S.C. Section 1635 and Regulation Z, Section 226.23.

The primary basis for the rescission is that Mr. Hetu was given materially confusing and inconsistent disclosures pertaining to the notice of right to cancel the above consumer credit contract, in violation of 15 U.S.C. Section 1635(a) and Regulation Z, Sections 226.23.

The security interest held by First NLC Financial Services LLC on the Hetu' property located at 98 Parker Street, Woonsocket, RI is void as of this rescission. Pursuant to Regulation Z, you have twenty days after receipt of this Notice of Rescission to return to my client all monies paid and to take action necessary and appropriate to terminate the security interest.

**Very truly yours,**
**Robert Hetu,**
**By his Attorney,**

**Christopher M. Lefebvre**
**P. O. Box 479**
**Pawtucket, RI 02862**

CERTIFIED MAIL-RETURN RECEIPT REQUESTED
cc: Robert Hetu

*TWO DEXTER STREET, P.O. BOX 479 PAWTUCKET, RI 02862 PHONE: (401) 728-6060 FAX: (4[illegible]) 728-6534*

# EXHIBIT 13

# NOTICE OF RIGHT TO RESCIND

**Loan No. 3085500165**

To: GERARD D LANGLAIS DEBRA LANGLAIS

Address: 332 TIFFANY AVENUE, WARWICK, RI 02889 KENT

**YOUR RIGHT TO CANCEL:**
You are entering into a transaction that will result in a security interest in your home. You have a legal right under federal law to CANCEL this transaction, without cost, within three business days from whichever of the following events occur last:

(1) The DATE of the TRANSACTION, which is February 23, 2005 OR
(2) The DATE you received your TRUTH-IN-LENDING DISCLOSURES; OR
(3) The DATE you received this notice of RIGHT TO RESCIND.

If you cancel this transaction, the security interest is also cancelled. Within twenty (20) calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the security interest in your home has been cancelled, and we must return to you any money or property you have given us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the items mentioned above, but you must then offer to return the money or property. If it is impractical or unfair to you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

**HOW TO CANCEL:**
If you decide to cancel this transaction, you may do so by notifying us in writing at:

**FIRST NLC FINANCIAL SERVICES, LLC**
**700 W. Hillsboro Blvd. Bldg. 1, Ste. 204**
**Deerfield Beach, FL 33441**
**ATTN: Legal Dept.**

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of February 26, 2005 (or midnight of the third business day following the latest of the events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

**I WISH TO CANCEL**

| | |
|---|---|
| GERARD D LANGLAIS | DEBRA LANGLAIS |
| DATE: ____________ | DATE: ____________ |

DO NOT SIGN ABOVE, UNLESS YOU WISH TO RESCIND/CANCEL/VOID THIS TRANSACTION.

## TO BE SIGNED BELOW AT CLOSING

I HEREWITH ACKNOWLEDGE RECEIPT OF TWO COPIES OF THIS NOTICE: February 23, 2005

X________________________
GERARD D LANGLAIS

30000L1

# EXHIBIT 14

# CERTIFICATE OF CONFIRMATION OF NOTICE OF RIGHT TO RESCIND

Borrower(s): GERARD D LANGLAIS, DEBRA LANGLAIS

Loan #: 3085500165

Property Address: 332 TIFFANY AVENUE
WARWICK, RI 02889

Whereas more than three (3) business days have elapsed since the undersigned received my/our Notice of Right to Rescind and the Truth-in-Lending Disclosure Statement concerning the transaction identified above; in order to induce **FIRST NLC FINANCIAL SERVICES, LLC** to proceed with full performance under the agreement in question, the undersigned do herewith warrant, covenant and certify that I/we, jointly and separately, have not exercised my/our Right to Rescind; that I/we do hereby ratify and confirm the same in all respects. I/we further represent that the undersigned is/are the only person(s) entitled to rescind, in that I/we am/are all of the persons who have an ownership interest in the real property or I/we am/are all of the person(s) who will be subject to the security interest in the real property.

I/We further acknowledge that I/we am/are signing this certificate on or after: **2/28/2005.**

GERARD D LANGLAIS

DEBRA LANGLAIS

# EXHIBIT 15

*FROM THE OFFICE OF THE*

FAMILY AND CONSUMER LAW CENTER

*WWW.RICONSUMERLAW.COM*

CLAUDE F. LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.

*ATTORNEYS & COUNSELORS AT LAW*

May 3, 2007

First NLC Financial Services, LLC
Attn: Legal Department
700 W. Hillsboro Blvd.
Bldg. 1, Suite 204
Deerfield, FL 33441

**Re: Notice of Rescission by Gerard D. Langlais of 332 Tiffany Ave., Warwick, RI 02889; Loan Number: 3085500165; Closing Date: 02/23/2005**

To Whom It May Concern:

I represent Gerard D. Langlais concerning the mortgage loan transaction he entered into with First NLC Financial Services, LLC on February 23, 2005. Please be advised that I have been authorized by my client to rescind that transaction and hereby exercise that right pursuant to the Federal Truth In Lending Act, 15 U.S.C. Section 1635 and Regulation Z, Section 226.23.

The primary basis for the rescission is that Mr. Langlais was given incomplete Truth in Lending disclosures which give rises to an extended right to rescind, and he was also given materially confusing and inconsistent disclosures pertaining to the notice of right to cancel the above consumer credit contract, in violation of 15 U.S.C. Section 1635(a) and Regulation Z, Sections 226.23.

The security interest held by First NLC Financial Services LLC on the Langlais' property located at 332 Tiffany Ave., Warwick, RI is void as of this rescission. Pursuant to Regulation Z, you have twenty days after receipt of this Notice of Rescission to return to my client all monies paid and to take action necessary and appropriate to terminate the security interest.

**Very truly yours,**
**Gerard D. Langlais,**
**By his Attorney,**

**Christopher M. Lefebvre**
**P. O. Box 479**
**Pawtucket, RI 02862**

**CERTIFIED MAIL-RETURN RECEIPT REQUESTED**
cc: Gerard D. Langlais

# EXHIBIT 16

# NOTICE OF RIGHT TO RESCIND

Loan No. 308360[illegible]282

To: SUSAN P MOYNIHAN

Address: 3-C QUARTZ DRIVE, WESTERLY, RI 02891 WASHINGTON

**YOUR RIGHT TO CANCEL:**
You are entering into a transaction that will result in a security interest in your home. You have a legal right under federal law to CANCEL this transaction, without cost, within three business days from whichever of the following events occur last:

(1) The DATE of the TRANSACTION, which is September 15, 2006 OR
(2) The DATE you received your TRUTH-IN-LENDING DISCLOSURES; OR
(3) The DATE you received this notice of RIGHT TO RESCIND.

If you cancel this transaction, the security interest is also cancelled. Within twenty (20) calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the security interest in your home has been cancelled, and we must return to you any money or property you have given us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the items mentioned above, but you must then offer to return the money or property. If it is impractical or unfair to you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

**HOW TO CANCEL:**
If you decide to cancel this transaction, you may do so by notifying us in writing at:

FIRST NLC FINANCIAL SERVICES, LLC
700 W. Hillsboro Blvd. Bldg. 1, Ste. 204
Deerfield Beach, FL 33441
ATTN: Legal Dept.

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of September 19, 2006 (or midnight of the third business day following the latest of the events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

---

I WISH TO CANCEL

SUSAN P MOYNIHAN

DATE: ____________________ DATE: ____________________

---

DO NOT SIGN ABOVE, UNLESS YOU WISH TO RESCIND/CANCEL/VOID THIS TRANSACTION.

**TO BE SIGNED BELOW AT CLOSING**
I HEREWITH ACKNOWLEDGE RECEIPT OF TWO COPIES OF THIS NOTICE: September 15, 2006

X________________________________
SUSAN P MOYNIHAN

# EXHIBIT 17

# CERTIFICATE OF CONFIRMATION OF NOTICE OF RIGHT TO RESCIND

Borrower(s): SUSAN P MOYNIHAN Loan #: 3083602282

Property Address: 3-C QUARTZ DRIVE
WESTERLY, RI 02891

Whereas more than three (3) business days have elapsed since the undersigned received my/our Notice of Right to Rescind and the Truth-in-Lending Disclosure Statement concerning the transaction identified above; in order to induce **FIRST NLC FINANCIAL SERVICES, LLC** to proceed with full performance under the agreement in question, the undersigned do herewith warrant, covenant and certify that I/we, jointly and separately, have not exercised my/our Right to Rescind; that I/we do hereby ratify and confirm the same in all respects. I/we further represent that the undersigned is/are the only person(s) entitled to rescind, in that I/we am/are all of the persons who have an ownership interest in the real property or I/we am/are all of the person(s) who will be subject to the security interest in the real property.

I/We further acknowledge that I/we am/are signing this certificate on or after: 9/20/2006.

_______________________________
SUSAN P MOYNIHAN

_______________________________

_______________________________

_______________________________

# EXHIBIT 18

*FROM THE OFFICE OF THE*

FAMILY AND CONSUMER LAW CENTER

*WWW.RICONSUMERLAW.COM*

CLAUDE F. LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.

*ATTORNEYS & COUNSELORS AT LAW*

May 25, 2007

First NLC Financial Services, LLC
Attn: Legal Department
700 W. Hillsboro Blvd.
Bldg. 1, Suite 204
Deerfield, FL 33441

**Re: Notice of Rescission by Susan P. Moynihan of 3-C Quartz Drive, Westerly, RI 02891; Loan Number: 3083602282; Closing Date: 09/15/2006**

To Whom It May Concern:

I represent Susan P. Moynihan concerning the mortgage loan transaction she entered into with First NLC Financial Services, LLC on September 15, 2006. Please be advised that I have been authorized by my client to rescind that transaction and hereby exercise that right pursuant to the Federal Truth In Lending Act, 15 U.S.C. Section 1635 and Regulation Z, Section 226.23.

The primary basis for the rescission is that Ms. Moynihan was given inaccurate Truth in Lending disclosures that contained miscalculations which give rise to an extended right to rescind, and she was also given materially confusing and inconsistent disclosures pertaining to the notice of right to cancel the above consumer credit contract, in violation of 15 U.S.C. Section 1635(a) and Regulation Z, Sections 226.23.

The security interest held by First NLC Financial Services LLC on the Moynihan's property located at 3-C Quartz Drive, Westerly, RI is void as of this rescission. Pursuant to Regulation Z, you have twenty days after receipt of this Notice of Rescission to return to my client all monies paid and to take action necessary and appropriate to terminate the security interest.

**Very truly yours,**
**Susan P. Moynihan,**
**By her Attorney,**

**Christopher M. Lefebvre**
**P. O. Box 479**
**Pawtucket, RI 02862**

**CERTIFIED MAIL-RETURN RECEIPT REQUESTED**
cc: Susan P. Moynihan

# EXHIBIT 19

# NOTICE OF RIGHT TO RESCIND

Loan No. 3085603049

To: DAVID R SMERALDO

Address: 134 GREELEY AVENUE, WARWICK, RI 02886 KENT

**YOUR RIGHT TO CANCEL:**
You are entering into a transaction that will result in a security interest in your home. You have a legal right under federal law to CANCEL this transaction, without cost, within three business days from whichever of the following events occur last:

(1) The DATE of the TRANSACTION, which is October 13, 2006 OR
(2) The DATE you received your TRUTH-IN-LENDING DISCLOSURES; OR
(3) The DATE you received this notice of RIGHT TO RESCIND.

If you cancel this transaction, the security interest is also cancelled. Within twenty (20) calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the security interest in your home has been cancelled, and we must return to you any money or property you have given us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the items mentioned above, but you must then offer to return the money or property. If it is impractical or unfair to you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

**HOW TO CANCEL:**
If you decide to cancel this transaction, you may do so by notifying us in writing at:

FIRST NLC FINANCIAL SERVICES, LLC
700 W. Hillsboro Blvd. Bldg. 1, Ste. 204
Deerfield Beach, FL 33441
ATTN: Legal Dept.

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of October 17, 2006 (or midnight of the third business day following the latest of the events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

---

I WISH TO CANCEL

| | |
|---|---|
| DAVID R SMERALDO | |
| DATE: ____________ | DATE: ____________ |

---

DO NOT SIGN ABOVE, UNLESS YOU WISH TO RESCIND/CANCEL/VOID THIS TRANSACTION.

## TO BE SIGNED BELOW AT CLOSING

I HEREWITH ACKNOWLEDGE RECEIPT OF TWO COPIES OF THIS NOTICE: October 13, 2006

X______________________________
DAVID R SMERALDO

# EXHIBIT 20

## CERTIFICATE OF CONFIRMATION OF NOTICE OF RIGHT TO RESCIND

Borrower(s): DAVID R SMERALDO Loan #: 3085603049

Property Address: 134 GREELEY AVENUE
WARWICK, RI 02886

Whereas more than three (3) business days have elapsed since the undersigned received my/our Notice of Right to Rescind and the Truth-in-Lending Disclosure Statement concerning the transaction identified above; in order to induce **FIRST NLC FINANCIAL SERVICES, LLC** to proceed with full performance under the agreement in question, the undersigned do herewith warrant, covenant and certify that I/we, jointly and separately, have not exercised my/our Right to Rescind; that I/we do hereby ratify and confirm the same in all respects I/we further represent that the undersigned is/are the only person(s) entitled to rescind, in that I/we am/are all of the persons who have an ownership interest in the real property or I/we am/are all of the person(s) who will be subject to the security interest in the real property.

I/We further acknowledge that I/we am/are signing this certificate on or after: **10/18/2006.**

DAVID R SMERALDO

# EXHIBIT 21

*FROM THE OFFICE OF THE*

**FAMILY AND CONSUMER LAW CENTER**

*WWW.RICONSUMERLAW.COM*

CLAUDE F. LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.

*ATTORNEYS & COUNSELORS AT LAW*

First NLC Financial Services LLC
700 W. Hillsboro Blvd. Bldg 1 Ste. 204
Deerfield Beach, FL 33441

Wilshire Credit Corporation
PO Box 8517
Portland, OR 97207-8517

**Re: Notice of Rescission by David Smeraldo of 134 Greeley Ave. Warwick, RI 02886. Loan Number: 3085603049; Closing Date:10/13/2006.**

To Whom It May Concern:

September 20, 2007

I represent David Smeraldo concerning the mortgage loan transaction he entered into with First NLC Financial Services LLC on October 13, 2006. Please be advised that I have been authorized by my client to rescind that transaction and hereby exercise that right pursuant to the Federal Truth In Lending Act, 15 U.S.C. Section 1635 and Regulation Z, Section 226.23.

The primary basis for the rescission is that Mr. Smeraldo was given materially confusing and inconsistent disclosures concerning his right to cancel the above consumer credit contract in violation of 15 U.S.C. Section 1635(a) and Regulation Z, Section 226.23.

The security interest held by First NLC Financial Services on Mr. Smeraldo's property located at 134 Greeley Avenue in Warwick, Rhode Island is void as of this rescission. Pursuant to Regulation Z, you have twenty days after receipt of this Notice of Rescission to return to my clients all monies paid and to take action necessary and appropriate to terminate the security interest.

Very truly yours,
David Smeraldo,
By his Attorney,

Christopher M. Lefebvre
P. O. Box 479
Pawtucket, RI 02862

CERTIFIED MAIL-RETURN
RECEIPT REQUESTED

cc: David Smeraldo and Wilshire Credit Corporation